Pluma BEYER, Plaintiff–Appellant,

v.

JOHNSON CITY et al., Defendants–
Appellees.

No. 03–5405.

United States Court of Appeals,
Sixth Circuit.

July 2, 2004.

Rehearing En Banc Denied Sept. 9, 2004.

Joseph Howell Johnston, Jon S. Jablonski, David Randolph Smith, Nashville, TN, for Plaintiff–Appellant.

Kent E. Herrin, Herrin, Booze, Rambo, Jenkins & Wheeler, Johnson City, TN, John C. Duffy, Watson & Hollow, Pamela L. Reeves, Anderson, Reeves, & Cooper, Knoxville, TN, Thomas C. McKee, Herndon, Coleman, Brading & McKee, Johnson City, TN, for Defendants–Appellees.

Before: GILMAN and COOK, Circuit
Judges; and CLELAND, District Judge.*

OPINION

GILMAN, Circuit Judge.

Hazel Virginia Beyer (Hazel) was an inmate at the Johnson City, Tennessee jail on the night of February 22, 2000, having been arrested earlier that evening for public intoxication. Jailers Shawn Jenkins and Keita Nave temporarily placed Hazel in a six-point restraining chair in one of the jail's isolation cells because she was listed as a suicide risk as a result of her many prior intoxication-related incarcerations at the jail. Under the city's policy regarding the prevention of suicide by detainees, once an inmate has been listed as a suicide risk, he or she must thereafter choose either to wear a paper gown or to be placed in a restraining chair while awaiting a psychological evaluation by a member of the city's Crisis Response Team (CRT).

Early in the morning on February 23, 2000, just prior to the arrival of a CRT member approximately one hour and fifteen minutes after Hazel was placed in the chair, she managed to free herself from the arm and leg restraints, but not from the straps that criss-crossed her chest. Her body then slid down in the chair to a point where she was asphyxiated by the chest straps. She later died at the hospital as a result of this accident.

Pluma Beyer. Hazel's administratrix and personal representative, sued Johnson City. Ron Street (individually and as Chief of Police). Sam Garland (individually and as Superintendent of Johnson City Jail). James Workman (individually and as Watch Commander). Jailer Shawn Jenkins (individually), Jailer Keita Nave (individually), and Johnson City Police Officer Kenneth Willis (individually). The complaint asserted five due-process violations for deliberate indifference to Hazel's serious medical needs. In addition, a sixth claim—that Hazel's due-process rights were violated because she was arbitrarily restrained—was set out for the first time

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

in the response to the defendants' motions for summary judgment.

The parties consented to having the case decided by a magistrate judge in the district court below. Summary judgment in favor of the defendants was granted on the ground that no constitutional violation occurred. The district court thus did not reach the question of whether the individual defendants were also entitled to summary judgment based upon qualified immunity.

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, and having had the benefit of oral argument, we agree with the district court's grant of summary judgment to the defendants. Because the reasoning that supports judgment for the defendants has been clearly articulated by the district court in a thorough and comprehensive opinion, the issuance of a detailed written opinion by this court would be unduly duplicative. Accordingly, the judgment rendered by the Honorable Dennis H. Inman. United States Magistrate Judge for the Eastern District of Tennessee at Greeneville. is AFFIRMED on the basis of the reasoning detailed in his Memorandum Opinion and Order dated February 24, 2003.